**BRUCK LLP**
*Attorneys and Counselors at Law*
1207 EAST 34TH STREET, BROOKLYN, NY 11210

TELEPHONE: (212) 593-9090
FACSIMILE:  (212) 644-6667
EMAIL: YB@BruckLLP.com

December 16, 2020

**VIA ECF**

Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York  10007

Re:   *Yosef Magid and Jacob Rottenberg v. Ari Waldman.,* 19-CV-11516 (JMF)
        **Approve Bond of Judgment/Temporarily Stay Discovery Pending Motion to Stay**

Dear Judge Furman:

This Firm represents the Respondent in the above-referenced case. I write to Your Honor in connection with the recent order issued by Your Honor on December 11, 2020(ECFDkt. #56), extending Respondent's time "to cure his discovery deficiencies within one week of the date of the endorsement (*"December 11 Order"*), *i.e.,* to and including December 18, 2020.  By way of background and for convenience of reference, the Order was issued in response to Respondent's December 9, 2020 letter to the Court(*"December 9  Letter"*) requesting an extension of time to respond to Petitioners' discovery demands ("*Discovery*") to Respondent. The December 9 Letter was submitted in response to the order issued by Your Honor on December 4, 2020 (ECF Dkt. #53), extending Respondent's time "to cure his discovery deficiencies within one week of the date of the endorsement." (*"December 4 Order"*). The December 4 Order was issued in response to Petitioners' November 30, 2020 letter to the Court (*"November 30 Letter"*), via their counsel, Maurice Rosenberg in which, *inter alia,* complained about the lack of response by Respondent to the Discovery. Given the foregoing, and without belaboring this communication, Respondent is required, in accordance with the December 11 Order to provide responses to the Discovery in just a few days, by December 18.

However, and as foretold in the December 9 Letter, just yesterday, and as soon as practicable after Respondent returned back to New York (from travel abroad) and was otherwise able to effectively attend to business and legal matters, Respondent obtained, just last evening, a bond for the full amount of the Judgment in this case ("*Bond*") (of which a true and accurate copy, Court's convenience, is appended hereto as "**Attachment A**"). The Bond was contemplated and necessary, as previously also detailed to the Court by the undersigned, and carried out pursuant to Rule 62(b)

Hon. Jesse M. Furman, U.S.D.J.
December 16, 2020
Page 2 of 3

of the Federal Rules of Civil Procedure and Rule 8(a) of the Federal Rules of Appellate Procedure, in advance of Respondent's appeal to the United States Court of Appeal for the Second Circuit (the "*Appeal*"). The Appeal, for which both Petitioners and Respondent have already filed their respective Notices of Appeal, seeks to challenge the propriety of the Court's August 19, 2020, decision (the "*Decision*") which denied Respondent's cross-petition to vacate the Petition by the Petitioner's to confirm the Arbitration Award (the "*Award*"), due to various conflicts of interest and partiality of the Arbitrator.

Moreover, just earlier today, Respondent filed a motion (ECF Dkt. ##57, 58 and 59) with the Court for Your Honor's approval of the Bond and, then and more particularly, requesting for the Court stay the action, including any all underlying obligations owed by one party to the other, as for Respondent, specifically those related to Discovery, pending the Appeal (the "*Motion*"). Further, it has been and remains Respondent's position, and as the undersigned repeatedly communicated to Petitioners' counsel, Maurice Rosenberg, given the Bond, there is positively no information to which Petitioners could garner from Respondent (i) to which they are otherwise entitled, and (ii) with which they would have any more security and claim with respect to the Judgment, than such guarantee and satisfaction already provided for by the Bond. In sum, the understood and implicit legitimate need of the Petitioners for Discovery *i.e.,* to secure information from Respondent to allow for full collection on the Judgment, is obviated by the Bond. Also, as detailed below, there is no further legitimate entitlement by the Petitioners to the Discovery and, as such, the information sought is now moot. For the fact, reasons and arguments provided both above and below, Respondent respectfully requests the Court temporarily stay any of Respondent's obligations in connection with the Discovery, until such time as the Motion is decided, so as to avoid any unnecessary expenditure of resources and provision of information for which Petitioners have no legitimate use and, moreover, to which they are not entitled (the "*Request*").

As introduced above, the undersigned has conveyed all pertinent information to Mr. Rosenberg and, in so doing, and prior to drafting this communication, I inquired of him as to whether Petitioners would consent to stay discovery pending the Motion. He refused—and with Petitioners still insisting on the Discovery—positing that the entitlement to Discovery remains because (i) it will aid the recovery of his attorneys' fees, to which Petitioners were not awarded under the Decision, and for which Petitioner appeals to the Second Circuit, and (ii) it will add pressure on Respondent to settle the case, prior to his perfection of the Appeal or during pendency of the Appeal, and pay the Judgment. Again, and as discussed with him, Mr. Rosenberg is, to say the least, "wrong" on both counts. As to the first, as it stands, his clients' rights to the Discovery is singularly circumscribed around and about the Judgment, *i.e.,* to secure Petitioners' rights and remedies as related to the Judgment, which is now, with the Bond, fully protected, secure and preserved for Petitioners should the Appeal not be decided in Respondent's favor. The ability to collect on the Judgment is no longer, if it ever was, of no moment, with all potential fears and concerns fully abated and allayed, with the Bond, any such issue is now moot. Further, if it should happen that the Second Circuit grants Petitioners' appeal and reverses this Court and, in so doing, grants Petitioners their legal fees accrued during the arbitration underlying this case, at that time the Petitioners will be entitled to limited and specific discovery to collect on the separate and new judgment, but not now. Such demand for the purpose detailed, is premature and improper and, in any event, beyond the scope and confines of the Judgment. As for the second reason provided by Mr. Rosenberg, the undersigned

won't specifically address beyond the obvious—such "pressure" tactic is as improper as it is unnecessary under the at-issue facts and proceedings had herein, unwarranted under the applicable laws and rules, and unappreciated by Respondent and, perhaps, by the Court as well.

Accordingly, and given all of the foregoing, Respondent respectfully asks the Court to grant the Request, *i.e.,* temporarily stay any of Respondent's obligation in connection with Discovery pending the Court's decision on the Motion.

I, personally and on behalf of Respondent, thank Your Honor for the Court's time and courtesies in this matter.

Respectfully submitted,

BRUCK LLP

By: __/s/ Yair Bruck_____
       Yair M. Bruck

cc:    Attorneys for Petitioners (VIA ECF)

Application GRANTED.  That is, Respondent's discovery obligations, see ECF No. 56, are stayed pending the Court's ruling on the motion for approval of the bond and a stay pursuant to Rule 62(b), ECF Nos. 57-59.  Petitioners shall file any objection to Respondent's motion for approval of the bond and stay pursuant to Rule 62(b), *see* ECF Nos. 57-60, on or before **December 22, 2020**.  The Clerk of Court is directed to terminate ECF Nos. 58, 59, and 60.  SO ORDERED.

December 17, 2020